IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK S. GULDNER,

Plaintiff,     )
               )
               )
               )
               )
               ) Case No. 12-CV-1245-JTM-DJW
v.             )
               )
               )
               )
               )

COMPASS MINERALS,
    a corporation,

Defendant.

---

## COMPLAINT

For his Complaint against the Defendant, the Plaintiff alleges as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter which is brought pursuant to the Americans with Disabilities Act of 1990 [ADA], including changes made by the ADA Amendments Act of 2008 (P.L. 110-325), and the Family Medical Leave Act, 29 USC §2601 et seq. See 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The Court has jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

### Parties

2. Plaintiff Patrick S. Guldner is an individual and former employee of the Defendant employer. The Plaintiff was employed in the Defendant's Lyons, Kansas' facility.

3. Defendant Compass Minerals is a corporation which produces salt, sulfate of potash and magnesium chloride. The Defendant operates a facility in Lyons, Kansas.

## Background Facts

4. The Plaintiff began his employment with the Defendant in 2006. Sometime in 2007 or 2008, the Plaintiff was offered and accepted the job of Painter at the Lyons' facility.

5. Prior to December 2010, the Plaintiff was injured while working at the Lyons' facility. The Plaintiff filed a workers' compensation claim with the State of Kansas. In December 2010, the Plaintiff prevailed on his workers' compensation claim against the Defendant.

6. In December 2010, the Plaintiff submitted to the Defendant a list of work restrictions placed upon him by his doctor.

7. In the beginning of January 2011, the Plaintiff was required to take a medical leave of absence because of his work restrictions. In the following months, the Plaintiff, individually and through his union, requested that he be returned to work. During these events, the Defendant never provided the Plaintiff with any information concerning the Family Medical Leave Act and did not permit him the opportunity to take FMLA leave.

8. The Defendant refused to return the Plaintiff to work and terminated his employment in December 2011. The Plaintiff was a qualified individual with a disability.

9. The Defendant did not engage in a good faith interactive process to determine whether the Plaintiff was able to return to his job as a Painter with or without an accommodation. The Defendant also failed to determine whether the Plaintiff was able to be transferred to another position with the Defendant that he could perform with or without an accommodation at the Lyons' facility.

10. The Defendant refused to offer the Plaintiff his job as a Painter with or without an accommodation and further refused to offer him another position that he could perform with or without an accommodation.

11. Subsequent to his termination, the Plaintiff filed a charge of discrimination and retaliation against the Defendant with the Equal Employment Opportunity Commission. The Plaintiff exhausted his administrative remedies with the EEOC and has timely filed this lawsuit against the Defendant.

## Count I:  Violation of the ADA

12. The Defendant violated the ADA by failing to engage in a good faith interactive process with the Plaintiff, by terminating the Plaintiff's employment based upon his disability and by failing to accommodate the Plaintiff's disability.

13. As a result of the Defendant's violation of the ADA, the Defendant caused the Plaintiff economic loss and compensatory damage.

Wherefore, the Plaintiff prays that the Court enter judgment against the Defendant and award the Plaintiff damages and attorneys' fees.

## Count II:  Unlawful Retaliatory Discharge

14. Upon information and belief, the Plaintiff alleges that the Defendant terminated his employment in retaliation for the Plaintiff filing and prevailing upon the workers' compensation claim that the Plaintiff filed against the Defendant.

15. The Defendant's termination of the Plaintiff in retaliation for his having filed and prevailed on his workers' compensation claim constitutes a wrongful discharge and was unlawful under Kansas law.

16. The Defendant's unlawful termination of the Plaintiff caused the Plaintiff economic loss and compensatory damage.

Wherefore, the Plaintiff prays that the Court enter judgment against the Defendant and award him damages.

### Count III.  Violation of FMLA

17. The Defendant unlawfully failed to provide the Plaintiff with notice of his FMLA rights when he required leave for a serious health condition and to provide him with the leave time required by the FMLA.

18. The Defendant's violation of the FMLA caused him damage.

Wherefore, the Plaintiff prays that the Court enter declaratory judgment against the Defendant for violation of the FMLA and award him damages.

### General Prayer for Relief

In addition to the relief requested above, the Plaintiff prays that the Court award him all additional legal and equitable relief to which he is entitled.

### Request for Jury Trial and Designation of Place for Trial

The Plaintiff requests a jury trial on all matters triable before a jury and further requests that trial be held in Wichita, Kansas.

Respectfully submitted,

 s/ Michael M. Shultz_____
Michael M. Shultz Ks Bar No. 18093
Law Firm of Michael M. Shultz
901 Kentucky, Suite 305
Lawrence, Kansas 66044
785-838-4300
Michael@theshultzlawfirm.com